

*a. Bruce 1/31/14*
*4:25 am*

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CAROLYN BELL
    Vs.                                      C.A. No.     2014 CA 000450 B
THE DISTRICT OF COLUMBIA

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                         Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: January 27, 2014
Initial Conference: 9:30 am, Friday, May 09, 2014
Location: Courtroom 517
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001                                                        Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield


Case 1:14-cv-00299-APM Document 1-1 Filed 02/25/14 Page 3 of 20



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

CAROLYN BELL
_____
Plaintiff

vs.

Case Number **14-0000450**

SERVE: IRVIN NATHAN / THE DISTRICT OF COLUMBIA
ET AL
_____
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MALIK Z SHABAZZ
Name of Plaintiff's Attorney

1200 G STREET NW
Address
WASHINGTON DC 20005 855

202-434-4528
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011      CASUM.doc

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

CAROLYN BELL Personally, )
And As )
The Personal Representative )
Of The Estate Of )
CLEMAN RICHARD SWEPTSON JR. )
2605 Bowen Street S.E. )
Washington, D.C. 20020 )
)
    PLAINTIFF, )
)
    v. ) Civil Action No.
)
THE DISTRICT OF COLUMBIA, )
a municipal corporation )
441 4th Street N.W. )
Washington, D.C. 20001 )
)
)
Serve: )
)
    Mayor Vincent Gray )
    1350 Pennsylvania Ave NW )
    Washington DC 20001 )
)
    c/o Irvin Nathan )
    Attorney General )
    441 Fourth Street, N.W. )
    Washington, D.C. 20001 )
)
John Doe, yet to be identified )
7th District Police Officer )
2455 Alabama Avenue SE )
Washington 20020 )
)
)
)
    DEFENDANTS. )

RECEIVED
Civil
JAN 2 7 2014
Sup
Dist
Washington

14-0000450

## **COMPLAINT FOR DAMAGES**

## (DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. §1983, ASSAULT & BATTERY, WRONGFUL DEATH, SURVIVAL STATUTE)

### **JURISDICTION**

1. Jurisdiction of this matter is founded upon 42 U.S.C. § 1983 and 28 U.S.C.A. § 1331(a)(1).

2. Plaintiff Carolyn Bell is the mother and personal representative of the Estate of decedent Cleman Richard Sweptson Jr.. At all times relevant herein, she has been resident of the District of Columbia.

3. Defendant District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

4. At all times relevant to this complaint, an unnamed and yet to be identified D.C. Metropolitan Police Officer, (a.k.a. JOHN DOE) was a duly licensed police officer and employee of Defendant District Of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

### **STATEMENT OF RELEVANT FACTS**

5. On April 9, 2013, at or near the 2600 Block of Bowen Road in South East Washington D.C., plaintiff's decedent, Cleman Sweptson Jr. was visiting his mother, which was a regular and routine activity for him. Cleman Sweptson Jr, was sitting on the front porch of his mothers apartment building at 2605 Bowen Road in South East Washington D.C. at approximately 2:30

2

am when he was approached by the yet to be identified Metropolitan Police Officer, John Doe, driving by in a marked SUV type patrol vehicle.

6. Defendant officer John Doe ordered Cleman Sweptson to leave the front of the building. Mr. Sweptson complied and proceeded down Bowen Road on his bicycle toward Sheridan Road. Sweptson was followed by the officer

7. As Cleman Sweptson Jr. rode his bicycle down Bowen Road the road toward Sheridan Road he was followed by and then passed by the officer in the officer's patrol vehicle. Sweptson then made a left on his bicycle onto the 2500 Block of Sheridan Road and was confronted by the officer who was lying in wait for Sweptson in an SUV patrol car.

8. Defendant police officer John Doe, then confronted Cleman Sweptson Jr. During the course of this encounter, Defendant officer John Doe brandished his weapon and began firing at the unarmed and non-threatening Cleman Sweptson Jr. At the time the yet to be identified defendant M.P.D. Officer began firing his weapon at Cleman Sweptson Jr. he had not committed a crime nor had he done anything to suggest that he was a danger to defendant John Doe, himself or any other person.

9. Defendant M.P.D. Officer John Doe did in fact discharge his weapon multiple times upon Mr. Sweptson Jr., shooting him in the head, chest and abdomen, fatally wounding the 34 year old African-American male.

10. At no time prior to Cleman Sweptson Jr. being fatally shot did he brandish a weapon of any kind or pose a threat of serious bodily harm to anyone.

11. Cleman Sweptson Jr. was shot and killed in an area of Washington D.C. where there is an increasing number of complaints from residents against M.P.D. claiming a racial profiling, harassment and continuous violations of their Constitutional Rights of African Americans.

12. At all times relevant herein the defendant Officer John Doe was acting within the course and scope of their employment.

13. Defendant District of Columbia accepted, condoned and/or ratified the acts of the defendant Officer(s) as if authorized.

## COUNT I - DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

14. The above allegations are incorporated herein by reference.

15. The actions of defendant Officer John Doe, was acting under authority conferred by his employment with the District of Columbia Metropolitan Police Department, were taken in accordance with the custom and practices exercised by the District of Columbia and were undertaken while said police officers were acting under color of law.

16. The unlawful assault and excessive use of force used by the Defendant officers constituted an unlawful seizure under the Fourth Amendment of the Constitution which is actionable under 42 U.S.C. Section 1983.

17. As a result of the unlawful assault and use of excessive force by the Defendant officers, Plaintiff's decedent suffered the ultimate seizure in that he was shot multiple times without cause thereby causing his death.

WHEREFORE, the Plaintiff demands judgment against the defendants, District of Columbia and officer John Doe, jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding and appropriate punitive damages.

## COUNT II - NEGLIGENT HIRING, TRAINING AND SUPERVISION

18. The above allegations are incorporated herein by reference.

19. Defendants District of Columbia was negligent in the hiring and supervision of defendant Officer(s). These Defendants knew or should have known of the involved officers' propensity for committing violent and illegal acts of excessive force against citizens.

20. These Defendants failed to adequately train its police officers, failed to do proper background investigation checks on the Officers, failed to properly or adequately monitor their actions toward citizens while acting in the course of their duties, and specifically failed to supervise the Defendant officers as they chased and shot at the unarmed and non-threatening Cleman Sweptson Jr. as he ran for his life while being unlawfully assaulted and subjected to excessive force by defendant, unidentified officer (s) of the 7th District.

21. Defendants' negligence in these respects was a proximate cause of the death of plaintiff's decedent and was a foreseeable result thereof.

WHEREFORE, the Plaintiff, demands judgment against the defendants District of Columbia, jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding.

## COUNT III - ASSAULT AND BATTERY

22. The above allegations are incorporated herein by reference.

23. Yet to be identified Defendant Officer John Doe committed an assault and battery upon Cleman Sweptson Jr. by intentionally and unlawfully threatening Cleman Sweptson Jr. with severe injury by pointing his weapon at him and by intentionally and unlawfully firing his weapon multiple times at Cleman Sweptson, striking him and causing his death.

24. At the time that the above-referenced assault and battery was committed upon Cleman Sweptson, the defendant Officer(s) were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiff demands judgment against the yet unidentified officer(s) jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding and appropriate punitive damages.

## COUNT IV - WRONGFUL DEATH

25. The above allegations are incorporated herein by reference.

26. As a result of the death of Cleman Sweptson Jr. Plaintiff Carolyn Bell has been deprived of the support and maintenance she would have received from Cleman Sweptson, Jr. had he lived; she has been deprived of his care, love, attention, society, companionship, guidance, and comfort which he would have provided for her had he lived.

27. As a result of the death of Cleman Sweptson Jr., decedents two minor children, aged four and ten at the time of his death, have been deprived of the support and maintenance they would have received from Cleman Sweptson Jr., had he lived; they have been deprived of his care, love, attention, society, companionship, guidance, and comfort which he would have provided for them had he lived.

WHEREFORE, Plaintiff demands judgment against the Defendants District of Columbia and yet to be ideintified officer(s) officer John Doe, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding.

## COUNT V - SURVIVAL ACTION

28. The above allegations are incorporated herein by reference.

29. The Estate of Cleman Sweptson Jr. has been and in the future will continue to be deprived of such sums as would have accrued to it had Cleman Sweptson Jr. lived, and the Estate of Cleman Sweptson has been, and in the future will continue to be otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues herein.

Respectfully submitted,

*/s/ signature*, ESQ.

Malik Z. Shabazz, #458434
Shabazz Law Group / B.L.F.J.
1200 G Street, N.W.
Suite 855
Washington, D.C. 20005
(202) 434-4528
Attorney.shabazz@yahoo.com

Gregory L. Lattimer, #371926
Law Offices Of Gregory L. Lattimer
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
Tel. (202) 434-4513
Lattlaw@aol.com
(Counsel for Plaintiff)

7



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CAROLYN BELL
Vs.                                                  C.A. No.      2014 CA 000450 B
THE DISTRICT OF COLUMBIA

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: January 27, 2014
Initial Conference: 9:30 am, Friday, May 09, 2014
Location: Courtroom 517
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

CAROLYN BELL
_____
Plaintiff

vs.

Case Number **14-0000450**

THE DISTRICT OF COLUMBIA
SERVED MAYOR VINCENT GRAY
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MALIK Z SHABAZZ
Name of Plaintiff's Attorney

1200 G STREET NW #855
Address
WASHINGTON DC 20005

202-434-4528
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                       CASUM.doc

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| CAROLYN BELL Personally, )<br>And As )<br>The Personal Representative )<br>Of The Estate Of )<br>CLEMAN RICHARD SWEPTSON JR. )<br>2605 Bowen Street S.E. )<br>Washington, D.C. 20020 )<br>   )<br>   PLAINTIFF, )<br>   )<br>   v. )<br>   )<br>THE DISTRICT OF COLUMBIA, )<br>a municipal corporation )<br>441 4th Street N.W. )<br>Washington, D.C. 20001 )<br>   )<br>Serve: )<br>   )<br>   Mayor Vincent Gray )<br>   1350 Pennsylvania Ave NW )<br>   Washington DC 20001 )<br>   )<br>   c/o Irvin Nathan )<br>   Attorney General )<br>   441 Fourth Street, N.W. )<br>   Washington, D.C. 20001 )<br>   )<br>John Doe, yet to be identified )<br>7th District Police Officer )<br>2455 Alabama Avenue SE )<br>Washington 20020 )<br>   )<br>   DEFENDANTS. ) | **RECEIVED**<br>Civil ~<br>JAN 27 ?<br>S~<br>Dis<br>W~<br><br>Civil Action No. **14 - 0 0 0 0 4 5 0** |

## COMPLAINT FOR DAMAGES

## (DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. §1983, ASSAULT & BATTERY, WRONGFUL DEATH, SURVIVAL STATUTE)

### JURISDICTION

1. Jurisdiction of this matter is founded upon 42 U.S.C. § 1983 and 28 U.S.C.A. § 1331(a)(1).

2. Plaintiff Carolyn Bell is the mother and personal representative of the Estate of decedent Cleman Richard Sweptson Jr.. At all times relevant herein, she has been resident of the District of Columbia.

3. Defendant District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

4. At all times relevant to this complaint, an unnamed and yet to be identified D.C. Metropolitan Police Officer, (a.k.a. JOHN DOE) was a duly licensed police officer and employee of Defendant District Of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

### STATEMENT OF RELEVANT FACTS

5. On April 9, 2013, at or near the 2600 Block of Bowen Road in South East Washington D.C., plaintiff's decedent, Cleman Sweptson Jr. was visiting his mother, which was a regular and routine activity for him. Cleman Sweptson Jr, was sitting on the front porch of his mothers apartment building at 2605 Bowen Road in South East Washington D.C. at approximately 2:30

2

am when he was approached by the yet to be identified Metropolitan Police Officer, John Doe, driving by in a marked SUV type patrol vehicle.

6. Defendant officer John Doe ordered Cleman Sweptson to leave the front of the building. Mr. Sweptson complied and proceeded down Bowen Road on his bicycle toward Sheridan Road. Sweptson was followed by the officer

7. As Cleman Sweptson Jr. rode his bicycle down Bowen Road the road toward Sheridan Road he was followed by and then passed by the officer in the officer's patrol vehicle. Sweptson then made a left on his bicycle onto the 2500 Block of Sheridan Road and was confronted by the officer who was lying in wait for Sweptson in an SUV patrol car.

8. Defendant police officer John Doe, then confronted Cleman Sweptson Jr. During the course of this encounter, Defendant officer John Doe brandished his weapon and began firing at the unarmed and non-threatening Cleman Sweptson Jr. At the time the yet to be identified defendant M.P.D. Officer began firing his weapon at Cleman Sweptson Jr. he had not committed a crime nor had he done anything to suggest that he was a danger to defendant John Doe, himself or any other person.

9. Defendant M.P.D. Officer John Doe did in fact discharge his weapon multiple times upon Mr. Sweptson Jr., shooting him in the head, chest and abdomen, fatally wounding the 34 year old African-American male.

10. At no time prior to Cleman Sweptson Jr. being fatally shot did he brandish a weapon of any kind or pose a threat of serious bodily harm to anyone.

11. Cleman Sweptson Jr. was shot and killed in an area of Washington D.C. where there is an increasing number of complaints from residents against M.P.D. claiming a racial profiling, harassment and continuous violations of their Constitutional Rights of African Americans.

12. At all times relevant herein the defendant Officer John Doe was acting within the course and scope of their employment.

13. Defendant District of Columbia accepted, condoned and/or ratified the acts of the defendant Officer(s) as if authorized.

## COUNT I - DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

14. The above allegations are incorporated herein by reference.

15. The actions of defendant Officer John Doe, was acting under authority conferred by his employment with the District of Columbia Metropolitan Police Department, were taken in accordance with the custom and practices exercised by the District of Columbia and were undertaken while said police officers were acting under color of law.

16. The unlawful assault and excessive use of force used by the Defendant officers constituted an unlawful seizure under the Fourth Amendment of the Constitution which is actionable under 42 U.S.C. Section 1983.

17. As a result of the unlawful assault and use of excessive force by the Defendant officers, Plaintiff's decedent suffered the ultimate seizure in that he was shot multiple times without cause thereby causing his death.

WHEREFORE, the Plaintiff demands judgment against the defendants, District of Columbia and officer John Doe, jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding and appropriate punitive damages.

## COUNT II - NEGLIGENT HIRING, TRAINING AND SUPERVISION

18. The above allegations are incorporated herein by reference.

19. Defendants District of Columbia was negligent in the hiring and supervision of defendant Officer(s). These Defendants knew or should have known of the involved officers' propensity for committing violent and illegal acts of excessive force against citizens.

20. These Defendants failed to adequately train its police officers, failed to do proper background investigation checks on the Officers, failed to properly or adequately monitor their actions toward citizens while acting in the course of their duties, and specifically failed to supervise the Defendant officers as they chased and shot at the unarmed and non-threatening Cleman Sweptson Jr. as he ran for his life while being unlawfully assaulted and subjected to excessive force by defendant, unidentified officer (s) of the 7th District.

21. Defendants' negligence in these respects was a proximate cause of the death of plaintiff's decedent and was a foreseeable result thereof.

WHEREFORE, the Plaintiff, demands judgment against the defendants District of Columbia, jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding.

## COUNT III - ASSAULT AND BATTERY

22. The above allegations are incorporated herein by reference.

23. Yet to be identified Defendant Officer John Doe committed an assault and battery upon Cleman Sweptson Jr. by intentionally and unlawfully threatening Cleman Sweptson Jr. with severe injury by pointing his weapon at him and by intentionally and unlawfully firing his weapon multiple times at Cleman Sweptson, striking him and causing his death.

Case 1:14-cv-00299-APM Document 1-1 Filed 02/25/14 Page 19 of 20

24. At the time that the above-referenced assault and battery was committed upon Cleman Sweptson, the defendant Officer(s) were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiff demands judgment against the yet unidentified officer(s) jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding and appropriate punitive damages.

### COUNT IV - WRONGFUL DEATH

25. The above allegations are incorporated herein by reference.

26. As a result of the death of Cleman Sweptson Jr. Plaintiff Carolyn Bell has been deprived of the support and maintenance she would have received from Cleman Sweptson, Jr. had he lived; she has been deprived of his care, love, attention, society, companionship, guidance, and comfort which he would have provided for her had he lived.

27. As a result of the death of Cleman Sweptson Jr., decedents two minor children, aged four and ten at the time of his death, have been deprived of the support and maintenance they would have received from Cleman Sweptson Jr., had he lived; they have been deprived of his care, love, attention, society, companionship, guidance, and comfort which he would have provided for them had he lived.

WHEREFORE, Plaintiff demands judgment against the Defendants District of Columbia and yet to be ideintified officer(s) officer John Doe, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding.

## COUNT V - SURVIVAL ACTION

28. The above allegations are incorporated herein by reference.

29. The Estate of Cleman Sweptson Jr. has been and in the future will continue to be deprived of such sums as would have accrued to it had Cleman Sweptson Jr. lived, and the Estate of Cleman Sweptson has been, and in the future will continue to be otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues herein.

Respectfully submitted,

*/s/ Malik Z. Shabazz*

Malik Z. Shabazz, #458434
Shabazz Law Group / B.L.F.J.
1200 G Street, N.W.
Suite 855
Washington, D.C. 20005
(202) 434-4528
Attorney.shabazz@yahoo.com

Gregory L. Lattimer, #371926
Law Offices Of Gregory L. Lattimer
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
Tel. (202) 434-4513
Lattlaw@aol.com
(Counsel for Plaintiff)

7