IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| CAROLYN BELL, | ) | |
| Individually and as the | ) | |
| Personal Representative of the | ) | |
| Estate Of | ) | |
| CLEMAN RICHARD SWEPTSON JR. | ) | Civil Action No. 14-cv-00299 |
| | ) | |
| Plaintiff, | ) | (APM) |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| a municipal corporation | ) | |
| 441 4TH STREET N.W. | ) | |
| WASHINGTON, D.C. 20001 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OFC. DANA SATTERWHITE | ) | |
| METROPOLITAN POLICE DEPARTMENT | ) | |
| OF THE DISTRICT OF COLUMBIA | ) | |
| SEVENTH DISTRICT | ) | |
| 300 Indiana Avenue, N.W. | ) | |
| Washington, D.C. 20001 | ) | |
| In his Individual and Official Capacities | ) | |
| | ) | |
| Defendants. | ) | |

**CORRECTED SECOND AMENDED COMPLAINT**
**(DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. §1983, ASSAULT**
**& BATTERY, WRONGFUL DEATH, SURVIVAL STATUTE)**

**INTRODUCTION**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking damages against the defendants for committing acts under color of law which deprived plaintiffs' decedent of rights secured under the Constitution and laws of the United States and the District of Columbia.

2. In addition, it is a civil action seeking damages against the defendants for intentional wrongdoing and acts of negligence under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Fourth Amendment to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331; 28 U.S.C. § 1343; and under D.C. Code § 11-921.

## PARTIES

4. Plaintiff Carolyn Bell is the mother and personal representative of the Estate of decedent Cleman Richard Sweptson Jr.. At all times relevant herein, she has been resident of the District of Columbia.

5. Defendant District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

6. At all times relevant to this complaint, defendant Dana Satterwhite was a duly licensed police officer and employee of defendant District Of Columbia acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

## STATEMENT OF RELEVANT FACTS

7. On April 9, 2013, at or near the 2600 Block of Bowen Road in South East Washington D.C., plaintiff's decedent, Cleman Sweptson Jr. was visiting his mother, which was a regular and routine activity for him. Cleman Sweptson Jr, was sitting on the front porch of his mothers apartment building at 2605 Bowen Road in South East Washington D.C. at approximately 2:30 am when he was approached by defendant Satterwhite who was driving by in a marked SUV type patrol vehicle.

8. Defendant Satterwhite ordered Cleman Sweptson to leave the front of the building. Mr. Sweptson complied and proceeded down Bowen Road on his bicycle toward Sheridan Road. Sweptson was followed by the officer.

9. As Cleman Sweptson Jr. rode his bicycle down Bowen Road the road toward Sheridan Road he was followed by and then passed by defendant Satterwhite in the officer's patrol vehicle. Sweptson then made a left on his bicycle onto the 2500 Block of Sheridan Road and was confronted by the officer who was lying in wait for Sweptson in an SUV patrol vehicle.

10. Defendant Dana Satterwhite then confronted Cleman Sweptson Jr. During the course of this encounter, defendant Satterwhite brandished his weapon and began firing at the unarmed and non-threatening Cleman Sweptson Jr. At the time that defendant Satterwhite began firing his weapon at Cleman Sweptson Jr., he had not committed a crime nor had he done anything to suggest that he was a danger to defendant Satterwhite, himself or any other person.

11. Defendant Satterwhite did in fact discharge his weapon multiple times at Mr. Sweptson Jr., shooting him in the head, chest and abdomen, causing fatal wounds to the 34 year old African-American male.

12. At no time prior to Cleman Sweptson Jr. being fatally shot did he brandish a weapon of any kind or pose a threat of serious bodily harm to anyone.

13. Cleman Sweptson Jr. was shot and killed in an area of Washington D.C. where there is an increasing number of complaints from residents against the Metropolitan Police Dapartment claiming racial profiling, harassment and continuous violations of the constitutional rights of African Americans.

14. At all times relevant herein, defendant Officer Satterwhite was acting within the course and scope of his employment.

15. Defendant District of Columbia accepted, condoned and/or ratified the acts of the defendant Officer(s) as if authorized.

## COUNT I
### (Excessive Force - Deprivation of Civil Rights - 42 U.S.C. § 1983)

16. Plaintiff incorporates by reference paragraphs 1-15, as if fully set forth herein.

17. Plaintiff further alleges that defendant Satterwhite, with deliberate indifference to and reckless disregard for the safety and well-being of plaintiff's decedent, and in violation of the 4th Amendment to the Constitution, did on or about April 9, 2013 commit, allow or cause to be committed, acts that subjected Cleman Sweptson, Jr. to unreasonable and excessive force and deprived him of his life and liberty without due process of law.

18. As a direct and proximate result of the actions of the defendant Officer, Cleman Sweptson was murdered under the guise of lawful police action.

WHEREFORE, the plaintiff demands judgment against the defendant officer in the full and just amount of Five Million Dollars ($5,000,00.00), plus punitive damages to the extent allowed by law, attorneys' fees, interest and costs.

## COUNT II
### (Excessive Force -- Failure to Train, Supervise, and Discipline 42 U.S.C. § 1983)

19. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

20. At all times relevant herein, the rogue officer responsible for the murder of Cleman Sweptson, Jr. was acting under the direction and control, and pursuant to the rules, regulations, policies, procedures, and customs of defendant District of Columbia and implemented by its Chief of Police.

21. The District of Columbia acted negligently, carelessly, recklessly and with deliberate indifference to the safety of the citizens of the District by failing to properly train, supervise, control, direct, monitor and discipline its officers in their duties and responsibilities.

22. As a direct and proximate result of the acts and omissions of defendant District of Columbia, Cleman Sweptson, Jr. was wrongfully and unlawfully shot to death.

WHEREFORE, the plaintiff demands judgment against the District of Columbia in the full and just amount of Five Million Dollars ($5,000,00.00), plus attorney's fees, interest, and costs.

## COUNT III
### (ASSAULT AND BATTERY)

23. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

24. Defendant Satterwhite committed an assault and battery upon Cleman Sweptson Jr. by intentionally and unlawfully threatening Cleman Sweptson Jr. with severe injury by pointing his weapon at him and by intentionally and unlawfully firing his weapon multiple times at Cleman Sweptson, striking him and causing his death.

25. At the time that the above-referenced assault and battery was committed upon Cleman Sweptson, the defendant Officer(s) was acting within the scope of his employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiff demands judgment against the defendants, jointly and severally, in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with costs of this proceeding and appropriate punitive damages to the extent allowed by law.

## COUNT IV
### (WRONGFUL DEATH)

26. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

27. As a result of the death of Cleman Sweptson Jr. Plaintiff Carolyn Bell has been deprived of the support and maintenance she would have received from Cleman Sweptson, Jr. had he lived; she has been deprived of his care, love, attention, society, companionship, guidance, and comfort which he would have provided for her had he lived.

28. As a result of the death of Cleman Sweptson Jr., decedents two minor children, aged four and ten at the time of his death, have been deprived of the support and maintenance they would have received from Cleman Sweptson Jr., had he lived; they have been deprived of his care, love, attention, society, companionship, guidance, and comfort which he would have provided for them had he lived.

WHEREFORE, Plaintiff demands judgment against the defendants in the sum of Nine Million ($9,000,000.00) Dollars in compensatory damages together with the costs of this proceeding.

## COUNT V
### (SURVIVAL ACTION)

29. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

30. Pursuant to the Survival Act, D.C. Code § 12-101, the decedent's right of action for wrongful and negligent conduct against defendants survives in favor of the plaintiff, the legal representative of the deceased. Plaintiff, Carolyn Bell, demands all damages recoverable under

the Act including substantial damages for loss of future wages, medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against defendants in the full and fair amount of Five Million Dollars ($5,000,000.00) plus punitive damages to the extent allowed by law, interest and costs.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues herein.

Respectfully submitted,

 /s/ Malik Z. Shabazz
Malik Z. Shabazz, [458434]
Shabazz Law Group / B.L.F.J.
1200 G Street, N.W.
Suite 855
Washington, D.C. 20005
(202) 434-4528
Attorney.shabazz@yahoo.com

Gregory L. Lattimer, [371926]
Law Offices Of Gregory L. Lattimer
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513
Lattlaw@aol.com

Counsel for Plaintiff